UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, ) | Case No.: C 98-20718 JW (PVT) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING IN PART AND** |
| ) | **DENYING IN PART DEFENDANT COHEN'S** |
| v. ) | **MOTIONS TO QUASH SUBPOENAS OR FOR** |
| ) | **PROTECTIVE ORDERS** |
| STEPHEN MICHAEL COHEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

     On March 8, 2007, Defendant Cohen ("Defendant") filed two motions, each of which seeks to have a subpoena quashed, a protective order and an order for sanctions.[1]  On March 13, 2007, Defendant filed a third motion that seeks to have a third subpoena quashed, a protective order and an order for sanctions.   On March 8 & 19, 2007, the court issued interim orders denying Defendant's requests for sanctions without prejudice to motions brought separately, as required by Civil Local Rule 7-8(a).  On April 10, 2007, Plaintiff filed an opposition to the three motions.  Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument.  Based on the moving and opposition papers submitted,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS HEREBY ORDERED that Defendant's motions for protective orders are GRANTED as to all three subpoenas. The subpoenas are defective on their face. All three subpoenas violate Rule 45(a)(2)(C) because they were not issued from the court for the district where the productions were to be made. The subpoenas issued to Walter Howard and to the Bureau of Security and Investigative Services identify the issuing court as the Northern District of California, but require production in the Central District of California and Southern District of California, respectively. The subpoena issued to Southwest Airlines identifies the issuing court as the "District of Texas"[2] but requires production in the Southern District of California. Rule 45(c)(3)(B), cited by Plaintiff, does not relieve Plaintiff of the 45(a)(2)(C) requirement to issue the subpoenas from the proper district court. A protective order is warranted to: 1) protect Defendant from third parties unwittingly disclosing information about him, which they would not otherwise disclose, based on facially defective, unenforceable subpoenas, and 2) allow Defendant to challenge the breadth of the subpoenas and the relevance of the information sought.[3]

IT IS FURTHER ORDERED that this order is without prejudice to Plaintiff serving subpoenas that comply with all requirements of Rule 45 on Walter Howard, the Bureau of Security and Investigative Services and Southwest Airlines.

IT IS FURTHER ORDERED that, in light of the court's order finding that the subpoenas are unenforceable, the court will not at this time address Defendant's over-breadth and relevance arguments. This order is without prejudice to Defendant seeking protective orders in the event Plaintiff issues valid subpoenas which Defendant in good faith believes exceed the proper scope of post-judgment discovery. Any such motion(s) for protective order(s) shall address separately each category of documents Defendant contends exceeds the scope of post-judgment discovery. In responding to any such motion(s), Plaintiff shall also separately address each category of documents at issue.

---

[2] As Plaintiff concedes, there is no "District of Texas."

[3] Because the subpoenas are unenforceable on their face, any ruling on Defendant's over-breadth and relevance arguments would essentially constitute an improper advisory opinion. *See, e.g., Schneider v. Chertoff*, 450 F. 3d 944, 959 (9th Cir. 2006) (noting court has no authority to issue advisory opinions).

ORDER, *page 2*

IT IS FURTHER ORDERED that Plaintiff's unnoticed motion for an injunction against Defendant filing further motions related to Plaintiff's post-judgment discovery without prior court review is DENIED.  Plaintiff failed to properly notice the motion pursuant to Civil Local Rule 7-2.  Moreover, Defendant's current motions were at least partially meritorious based on Plaintiff's failure to comply with the requirements of Rule 45, and thus no such injunction is warranted at this time.  Plaintiff makes much of Defendant's misconduct in this case.  However, Defendant's misconduct does not relieve Plaintiff from the requirements of the Federal Rules of Civil Procedure.  Nor does it automatically preclude Defendant from seeking protection from improper subpoenas.

IT IS FURTHER ORDERED that no later than April 19, 2007, Plaintiff shall serve a copy of this order on the subpoenaed parties, and shall promptly file a proof of such service.

Dated: *4/16/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge