UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, ) | Case No.: C 98-20718 JW (PVT) |
| Plaintiff, ) | **INTERIM ORDER RE DEFENDANT COHEN'S MOTION FOR SANCTIONS** |
| v. ) | |
| STEPHEN MICHAEL COHEN, et al., ) | |
| Defendants. ) | |

On June 6, 2007, Defendant Cohen filed an ex parte application for leave to file a motion for sanctions.[1]  This court granted leave for Defendant Cohen to move for sanctions, and deemed his application to be his brief in support of his motion for sanctions.  Plaintiff opposed the motion.  Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order.  Based on the moving, opposition and reply papers filed,

IT IS HEREBY ORDERED that, no later than July 6, 2007, Defendant Cohen shall file a declaration setting forth facts sufficient to substantiate his out-of-pocket travel costs to appear for the deposition that Plaintiff canceled without notifying Defendant Cohen.  At a minimum, Defendant Cohen shall state his home address, and attach evidence that Defendant Cohen lives at

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

that address (such as a recent utility bill sent to Defendant Cohen at that address), so that the court can determine the number of miles Defendant Cohen traveled to the canceled deposition. If Defendant Cohen also seeks reimbursement for wages lost due to his appearance for the canceled deposition, he shall also set forth the name and address of his employer, and attach a recent pay stub from which the court can determine his current rate of pay. It appears from the parties' papers that an order requiring Plaintiff to reimburse Defendant is warranted. *See* FED.R.CIV.PRO. 30(g). However, without evidence regarding the amount Defendant Cohen is out of pocket due to the canceled deposition, the court cannot determine the amount of "reasonable expenses" it may award Defendant Cohen under Rule 30(g).[2]

Dated: *6/25/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Plaintiff is correct that this showing normally should be made as part of the moving papers. However, because the court deemed Cohen's application for leave to move for sanctions to be his brief in support of that motion, the court will allow Cohen to make the required showing at this time.

ORDER, *page 2*