UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GARY KREMEN, | ) | Case No.: C 98-20718 JW (PVT) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR SANCTIONS AND** |
| v. | ) | **DENYING DEFENDANT'S MOTION** |
| | ) | **TO QUASH DEPOSITION** |
| STEPHEN MICHAEL COHEN, et al., | ) | **SUBPOENA AND FOR PROTECTIVE** |
| | ) | **ORDER** |
| Defendants. | ) | |
| ―――――――――――――――――― | ) | |

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Gary Kremen ("Kremen") filed this lawsuit asserting that Defendant Stephen Michael Cohen ("Cohen") forged documents transferring the domain name "sex.com" from Kremen to himself.[1]  In November of 2000, Judge Ware granted a motion for summary judgment and for preliminary injunction.  The injunction required Cohen, *inter alia*, to repatriate $25,000,000 in funds that he had sent to offshore accounts.  In February of 2001, Judge Ware held Cohen in civil contempt for violating court orders, including the order to return the $25,000,000 to the United States.  Since 2001, Kremen has been engaged in discovery to locate Cohen's assets.  Presently before the Court are two disputes over the discovery to locate Cohen's

―――――――――――――

[1]      The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

assets.

## II.   DISCUSSION

### A.    Motion for Sanctions

The first dispute involves the deposition of Mr. Walter Howard, noticed by Kremen to take place on May 20, 2007 in California.  On June 6, 2007, Cohen filed an ex parte application for leave to file a motion for sanctions against Kremen for cancelling the deposition without giving Cohen notice.  Cohen sought reimbursement for his costs incurred in attempting to attend the canceled deposition.  This court granted leave for Cohen to move for sanctions, and deemed his application to be his brief in support of his motion for sanctions.  Kremen opposed the motion.  On June 25, 2007, the Court issued an interim Order finding:

> It appears from the parties' papers that an order requiring Plaintiff to reimburse Defendant is warranted.  *See* FED.R.CIV.PRO. 30(g).  However, without evidence regarding the amount Defendant Cohen is out of pocket due to the canceled deposition, the court cannot determine the amount of "reasonable expenses" it may award Defendant Cohen under Rule 30(g).

(Interim Order at 2.)  Accordingly, the Court instructed Cohen to file a declaration setting forth facts sufficient to substantiate his out-of-pocket travel costs for the deposition.  The Interim Order required:

> At a minimum, Defendant Cohen shall state his home address, and attach evidence that Defendant Cohen lives at that address (such as a recent utility bill sent to Defendant Cohen at that address), so that the court can determine the number of miles Defendant Cohen traveled to the canceled deposition.  If Defendant Cohen also seeks reimbursement for wages lost due to his appearance for the canceled deposition, he shall also set forth the name and address of his employer, and attach a recent pay stub from which the court can determine his current rate of pay.

(Interim Order at 1-2).  On July 5, 2007,  Cohen timely filed a Declaration pursuant to the Interim Order.  On July 9, 2007,   Kremen filed an Opposition to Cohen's Declaration in support of sanctions.

Cohen asserted that he lives at "No. 56 de la calle de la Llama en la col. Playas Costa Azul in the City of Ensenada, Baja California." Cohen attached as Exhibit "A" what he claims is a true and correct copy of his lease, which purports to be between Cohen and "SRA MARIA ELENA GUERRERO CORONA".  Cohen attached as Exhibit B a water bill which he claimed

was in the name of his landlord.  The water bill states it is for "GUERRERO CORONA MARIA

ELENA."  Cohen further asserted that most utility bills in Mexico are in the landlord's name.

Cohen asserts that he traveled 243 miles each way from his home to attend the deposition.

Cohen also asserts that he is self-employed as a consultant and his customers pay him in cash, as

is required by Mexican law.  Cohen claims he would have been paid by the Cooperativa de

Produccion Mina de la Roca, a sand and gravel production facility, $204 for managing the

production crew while the regular manager was on a family holiday.  Cohen states that the

managing director of the company is Mr.  Francisco Garcia.  Cohen provided no declaration

from Mr.  Garcia and no evidence of his employment, missed or otherwise.

Kremen argues that Cohen's declaration is false.  Kremen provides the declaration of

Fernando Echeverri Carrillo, an attorney with the law firm of Osuna y Rivero in Tijuana, Baja

California.  Mr.  Carillo declares that he went searching for the address provided by Cohen, but

could not find it.  He went to the Ensenada City Hall (the Catastro Municipal), where he checked

the cadastral number, the id number of the property for property tax purposes, from the water bill

provided by Cohen.   The Catastro Municipal informed Mr.  Carillo that no property was

registered under that number and no Calle de la Llama existed in either of the two Cosa Azul

neighborhoods in Ensenda.  Mr.  Carillo then went to the office of Cespe, the water company,

where he was informed that there was no account under the name of Guerrero Corona Maria

Elena and the cadastral number on the water bill did not exist in their system.  Mr.  Carillo then

went to the Public Registry of Property and Commerce, the Registro Publico de la Propiedad y -

Comercio de Ensenada, where he learned that no property is recorded under the name of Maria

Elena Guerrero Corona .

Based on all of the above apparent falsehoods in Mr. Cohen's declaration, Kremen

requests that the court deny the motion for sanctions.

The declaration submitted by Cohen is inadequate to document any of the expenses

sought.  Cohen did not provide any evidence that he lives in Ensenada.  In light of the substantial

questions raised by the Carillo declaration, the lease and water bill in the name of  Guerrero

Corona Maria Elena is not sufficient proof of Cohen's residence.  Moreover, Cohen  failed to

provide any evidence, such as a paystub or letter from his employer stating his wages.

Because Cohen has failed to properly substantiate his expenses, the motion for sanctions is Denied.  Kremen also sought to have the Court require Cohen to appear personally and explain the apparent falsehoods in his Declaration.  Kremen, however, has no motion pending before this court to address this behavior.  Because Kremen's behavior in canceling the Deposition without notice was inappropriate, the Court finds that denying the motion for sanctions is sufficient at this time.  Accordingly, Kremen's Request for an Order requiring Cohen to personally appear to explain the alleged falsehoods is Denied.[2]

**B.**     **Motion to Quash and for Protective Order**

The second dispute before the Court also involves the deposition of Mr. Howard.  Cohen moves to quash the deposition notice to Mr. Howard and for a Protective Order requiring Kremen to obtain leave of Court prior to issuing any additional subpoenas.

Cohen's first argument is that attorney Timothy Dillon is not properly acting as a receiver because the Court terminated the receiver on September 26, 2001.  Mr. Dillon, however, is listed on the docket sheet as attorney of record for Kremen.  Accordingly, Dillon is authorized to issue subpoenas designed to identify Cohen's assets in order to satisfy the judgment against Cohen.

Cohen next argues that subpoenas were not authorized to seek information on third parties.  Kremen argues that Howard has information about Cohen and the many companies that have been deemed the alter-ego of Cohen.  Accordingly, the subpoena to Howard is proper.

Cohen next argues that the subpoena should be quashed because he did not receive timely notice of the subpoena.  Rule 45 requires "Prior notice of any commanded production of documents and things . . . shall be served on each party." Fed. R. Civ. P. 45 (b)(1). Because Cohen apparently received notice in time to file this Motion to Quash, he did receive prior notice and Rule 45 is satisfied.

Finally, Cohen appears to argue that the subpoena is unduly burdensome on Mr.

---

[2]This finding does not preclude Kremen from making a motion for relief, if he feels it is appropriate and supported by relevant law.

Howard.  Cohen asserts that the subpoena requires Howard to allow entry into his residence to examine the documents.  Cohen also argues that Mr.  Howard has been required to pay his attorney $5,750 for representation related to the subpoena.  Cohen's last argument is that there is no probative value to the deposition.  As Kremen points out, Mr.  Howard is represented by counsel and has not objected as to undue burden.  Absent a claim of privilege, only the person subpoenaed may object to the burden of a subpoena.  *In re Seagate Technology II Securities Litigation*, 1993 WL 293008 at * 1 (N.D. Cal. Jun 10, 1993), *citing* 9 C. Wright and A. Miller, Federal Practice and Procedure, § 2457 at 431 (1990 Supp).  As Cohen has not asserted any privilege in the material sought, he lacks standing to object to the subpoena.  Accordingly, the Motion to Quash is Denied.

Cohen also sought to a Protective Order requiring Kremen to receive leave of court before issuing any more subpoenas.  The court finds no support in the record for such a requirement and the request for a Protective Order is Denied.

## III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Cohen's Motion for Sanctions is Denied;

2.     Kremen's Request for an Order requiring Cohen to personally appear to explain the alleged falsehoods is Denied;

3.    Cohen's Motion to Quash the Howard Subpoena is Denied; and

4.    Cohen's Request for a Protective Order requiring Kremen to obtain leave of court prior to issuing any further subpoenas is Denied.

It Is So Ordered.

Dated: October  31,  2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge