RICHARD J. IDELL, ESQ., #069033
ORY B. SANDEL, ESQ., #233204
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

TIMOTHY P. DILLON, ESQ., #190839
DILLON & GERARDI, APC
4660 La Jolla Village Dr., Suite 775
San Diego, CA 92122
Telephone: (858) 587-1800
Facsimile: (858) 587-2587

*Attorneys for Plaintiff*
*GARY KREMEN*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, an individual,<br><br>   Plaintiff,<br><br> v.<br><br>STEPHEN MICHAEL COHEN, an individual, *et al.*<br><br>   Defendants. | Case No.: C 98 20718 JW PVT<br><br>**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER**<br><br>Honorable Judge James Ware, Presiding |

COMES NOW Plaintiff Gary Kremen ("Kremen" or "Plaintiff"), and, pursuant to Local Rule 7-9 of the United States District Court, Northern District of California, hereby moves this Court, for leave of court to file a motion for reconsideration of the Court's June 17, 2010 Order granting Steve Emery Teich's ("Teich") request to withdraw as counsel for Defendant Stephen Michael Cohen ("Cohen" or "Defendant"), as follows:

//

I.      **ISSUE TO BE DECIDED.**

Whether the Court should grant Plaintiff leave to file a motion for reconsideration of the Court's June 17, 2010 Order granting Steve Teich's request to withdraw as Defendant Stephen Michael Cohen's agent for service of process and vacating the June 28, 2010 judgment debtor examination pending a renewed motion to take Cohen's examination "once the proper agent for service for Defendant Cohen has been identified."

II.     **INTRODUCTION AND RELEVANT FACTS.**

The final judgment in this action was entered on April 3, 2001, awarding Plaintiff $40 million plus an additional $25 million in punitive damages against Cohen and Cohen's related entities, jointly and severally, in connection with their fraudulent theft of the domain name sex.com.  That judgment incorporated a warrant for Cohen's arrest that had issued on March 2, 2001 due to Cohen's repeated contempt of court over the course of litigation.

In or about late October of 2005, when he sought to renew his passport, Cohen was taken into custody in Tijuana, Mexico, pursuant to the March 2, 2001 warrant for his arrest.  The Mexican authorities turned Cohen over to the custody of the United States Marshal, which transferred him to a facility in Santa Clara, California.  Contempt proceedings, held on a regular basis, followed, allowing this Court to gauge Cohen's progress in attempting to purge himself of contempt.  In a soliloquy addressed to the Court at a November 14, 2005 hearing, Cohen sought to explain away his fugitive status and why the Court should "forgive and forget" his many contempts.  Cohen claimed he was living in Mexico and that, for reasons purportedly beyond his control, he simply could not return to the United States.  Then he purportedly suffered a heart attack and required surgery.  Then he needed more surgery, this time overseas.  *See* Idell Decl. ¶ 2 and Ex. "A" [11/14/05 transcript at 20:14-23:10].  In short, when Cohen was safely ensconced in a foreign jurisdiction, he believed himself to be beyond the reach of the Court (and Plaintiff) and without any need to account for himself and without any repercussion.  When brought before the Court, however, Cohen changed his tune.

On December 4, 2006, nearly fourteen months after he was incarcerated, Cohen made his last in-person appearance before this Court.  At that time, Plaintiff's counsel expressed his

Case No.: C 98 20718 JW PVT
PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER

concern "that if Mr. Cohen is released, it will be futile to have further hearings here because he won't return and he will be gone and that will be that[.]" Idell Decl. ¶ 3 and Ex. "B" [12/4/06 transcript at 22:6-10]. To address this stated concern, the Court conditioned Cohen's release on Steve Teich, who was then serving as Cohen's attorney, also acting as Cohen's agent for service of process for any document that required personal service on Cohen, whether civil or criminal in nature.

Specifically, the Court, addressing Mr. Teich, stated:

"I'll condition his [Cohen's] release on your [Mr. Teich's] . . . serving as, as counsel for purposes of serving any notice on Mr. Cohen; that is, service on, on your office at 1390 Market Street in San Francisco would be sufficient for purposes of notice and service of any matters that have to be served on Mr. Cohen.

And . . . of course, he may substitute someone else but that substitution would require . . . an order of the court; in other words, I won't accept the lawyers agreeing to it. I want someone physically present in court agreeing to now substitute . . . so that you would then be relieved of order of [the] Court. Until relieved, service on you is sufficient for service on Mr. Cohen. The import of that, Mr. Cohen, is that if I issue an order, and it's served on Mr. Teich, that's considered service on you. You could be held in contempt for violating an order of the Court if it's served on you and you have notice of it. By Mr. Teich stepping forward and accepting service on your behalf, the Court will regard that as personal service on you."

Idell Decl. ¶ 3 and Ex. "B" [12/4/06 transcript at 36:1-22]

Both Cohen and Mr. Teich explicitly consented to the condition imposed by the Court for Cohen's release. Idell Decl. ¶ 3 and Ex. "B" [12/4/06 transcript at 36:23-27:6]. In other words, Cohen would never have been released from custody had both Cohen and Mr. Teich not agreed that Mr. Teich would act as Cohen's agent for service of process. This was not a condition that Mr. Teich remain Cohen's <u>attorney</u>, but only that Cohen have some physical address in the United States whereby Plaintiff could personally serve those documents, notices and orders required to be served personally.

On December 5, 2006, the Court issued an Order which "GRANTS Cohen's Application for Release from Custody with the following conditions: 1) Cohen shall appear on **February 26, 2007 at 9 AM** for an examination of judgment/debtor satisfaction. 2) Service of papers upon Steve Teich, Cohen's current counsel shall be deemed effective service upon Cohen. If Cohen should wish to substitute attorney, substitution must be approved by the Court. The motion for

substitution of attorney shall be noticed in accordance with the Civil Local Rules of the Court." Idell Decl. ¶ 4 and Ex. "C" [12/5/06 Order at 8:14-21].

At the February 26, 2007 hearing on judgment/debtor satisfaction, the Court and the parties confirmed the Court's December 2006 Order, as memorialized in the Court's February 27, 2007 Order, which stated: "Pursuant to the parties' verbal stipulation during the hearing [of February 26, 2007], service on Steve Teich's office, located at 1390 Market Street #310, San Francisco, CA 94102, is equivalent to personal service on Cohen.  This is true for matters relating to both the civil and contempt proceedings in this case."  Idell Decl. ¶ 5 and Ex. "D" [2/27/07 Order at 1:16-19].

Following Cohen's release, application was made to take a judgment debtor's examination.  On August 7, 2007, the Court ordered that the examination go forward on October 1, 2007 in San Diego, California.  Idell Decl. ¶ 6 and Ex. "E".  For various reasons, the examination did not go forward on that date, and Plaintiff's counsel contacted Cohen to reschedule the examination.  Idell Decl. ¶ 6.  Cohen would not agree to appear unless witness fees were paid.  Idell Decl. ¶ 6.

Then, on February 21, 2008, Cohen filed with the Court a notice styled as a "Notice of Revocation and Agreement to Appear at a Judgment Debtor's Examination in San Diego, California and a Notice of Revocation of a Waiver of Rule 4(f) Service as Required Under the Federal Rules of Civil Procedures [*sic*]."  Idell Decl. ¶ 7 and Ex. "F".  That notice purported to explain that between the time the judgment debtor's examination was to have taken place (October 1, 2007) and the rescheduled date sought by Plaintiff's counsel, Cohen had moved to Mazatlan, Mexico and was revoking (1) any prior agreement to appear for deposition outside of "the jurisdiction of [his] residence" and (2) any prior waiver of service of process.  Idell Decl. ¶ 7 and Ex. "F".

In response to Cohen's filing, on February 26, 2008, Plaintiff was forced to file a motion to enforce Cohen's previously-ordered appearance for a judgment debtor's examination.  Idell Decl. ¶ 8.  By notice of the Clerk dated March 4, 2008, hearing was set for March 31, 2008. Idell Decl. ¶ 8 and Ex. "G".

1    Cohen then applied *ex parte* for permission to appear telephonically for the hearing

2  scheduled for March 31, 2008.  The Court denied the application on March 11, 2008, noting that

3  "the proceedings include a debtor's examination which must be conducted personally."  Idell

4  Decl. ¶ 9 and Ex. "H".

5    Cohen then sought reconsideration of the denial (on a procedurally improper *ex parte*

6  basis).  His application, styled as an "Ex Party [*sic*] for Motion for Reconsideration, or in the

7  Alternative for (1) an Order Ordering Plaintiff to Advance Fees per Title 28 USC § 1821; or in

8  the alternative for an Order Authorizing the United States Marshal to Transport Cohen So He

9  Will Not Be Held in Contempt," was filed on March 11, 2008.  *See* Idell Decl. ¶ 10 and Ex. "I".

10  Cohen's *ex parte* application claims that he "does not have the funds to transport himself to

11  court" and that he would have no objection to "a stipulation <u>ONE</u> <u>TIME</u> for a 'JD Examination'

12  without process of service to take place in Mazatlan, Mexico on a date and time certain set by the

13  court[.]"  *Id.*

14    Even before the Court ruled on Cohen's March 11, 2008 filing, Cohen petitioned the

15  Ninth Circuit for a writ of mandamus, requesting that the appellate court determine whether a

16  district court judge can "order a Defendant in a civil case to appear 2000 miles from his place of

17  residence based upon a perjurious application for a JD Examination."  Idell Decl. ¶ 11 and Ex.

18  "J".  Cohen's declaration in support of that petition again stated that he is "without the necessary

19  funds to travel at [his] own expense."  Idell Decl. ¶ 11 and Ex. "K".

20    In connection with the writ petition, on March 20, 2008, Cohen filed an "Agreement to be

21  Served Through E-mail," which was "only valid for this specific Emergency Writ of Mandamus

22  field with the Ninth Circuit Court of Appeals."[1]  Idell Decl. ¶ 12 and Ex. "L".  In other words, by

23  March 20, 2008, Cohen's position was (a) that he lived in Mexico and beyond the reach of the

24  Court's jurisdiction and (b) that he would not agree to accept service electronically.

25    Following these arduous proceedings, on March 28, 2008, the Court finally granted

26  Plaintiff's motion to take Cohen's judgment debtor's examination and ordered Cohen to appear

27  [1] The email address used by Cohen was "mrstephenmcohen@yahoo.com".  Idell Decl. ¶ 12.  On
     March 27, 2008, the Ninth Circuit denied Cohen's petition.  Idell Decl. ¶ 12.

28
PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17,
2010 ORDER

in San Jose, California at 9:00 a.m. on April 7, 2008.  The Court's March 28 Order specifically notes the following:

1.   A foreign defendant may be required to face a Debtor Examination within the jurisdiction of the court in which the money judgment was entered;

2.   Cohen is not a prevailing party entitled to fees; and

3.   Cohen's representations that he is a resident of Mexico conflict with previous representations that he would make himself available for a Debtor Examination in San Diego, California and receive service of documents through the Court's electronic filing system.

Idell Decl. ¶ 13 and Ex. "M" [3/28/08 Order at 3:3-6, 3:11-13, 3:14-19]

Faced with the threat of further contempt proceedings, and possible incarceration as that to which he had been recently subjected, Cohen somehow managed to appear on April 7, 2008, as ordered.  Idell Decl. ¶ 14 and Ex. "N" [4/8/08 Corrected Notice of Appearance].

Rule 69 of the Federal Rules of Civil Procedure governs enforcement of judgment proceedings in federal court, *see Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996), which, in turn, permits discovery "by the procedure of the state where the court is located." California procedure permits a judgment creditor to examine a judgment debtor every four months.  *See* Cal. Code Civ. Proc. § 708.110(b).  Service of a copy of the order to appear for examination must be made personally on the judgment debtor.  *See* Cal. Code Civ. Proc. § 708.110(d).

Thus, on May 14, 2010, Plaintiff applied *ex parte* to again take Cohen's judgment debtor's examination.  Idell Decl. ¶ 15.  The Court granted the application on May 21, 2010, ordering Cohen to appear on June 28, 2010 at 9:00 a.m.  Idell Decl. ¶ 15 and Ex. "O".  The Court's May 21 Order also provides that Plaintiff "personally serve Steven Teich, Esq. on behalf of Stephen Cohen in compliance with the Court's December 4, 2006 Order[.]"  Idell Decl. ¶ 15 and Ex. "O" [5/21/10 Order] at 1:21-23.

In apparent response to service of the Court's May 21 Order, Mr. Teich filed two declarations and a request for approval of substitution of attorney dated December of 2006.  Idell

Decl. ¶ 15. Those declarations and the request all go to the issue of whether Mr. Teich is to act as Cohen's <u>attorney</u>. Mr. Teich did not specifically request that he be relieved of his role as Cohen's agent for service of process,[2] and a substitution of attorney is irrelevant for such purpose.

Moreover, Mr. Teich's declarations and request to be relieved as Cohen's attorney was not a "motion . . . noticed in accordance with the Civil Local Rules of the Court" as the Court mandated in its December 5, 2006 Order. *See* Idell Decl. ¶ 4 and Ex. "C" [12/5/06 Order at 8:19-21].

Further, Mr. Teich's declarations are an artful attempt to circumvent the truth. Though Mr. Teich declares that he has had no contact with Cohen since Cohen's release from custody, Mr. Teich in fact had continued with his role in accepting service for Cohen, without issue, until May 2010. Moreover, while Mr. Teich declares that he has not spoken with Cohen <u>directly</u>, he notably does not state whether he was receiving instruction <u>indirectly</u> from Cohen through a third-party – a common Cohen scheme.

On June 17, 2010, despite the lack of a properly noticed motion – or, for that matter, any application or motion of any sort whatsoever – the Court granted Mr. Teich's request to withdraw as counsel of record for Cohen. Idell Decl. ¶ 16 and Ex. "P". However, the Court's June 17 Order went further than the relief Mr. Teich sought. Specifically, the Court's order: (1) vacated the Court's May 21 Order and (2) vacated the June 28, 2010 judgment debtor's examination. Most critically, however, the Court's June 17 Order states that those orders "are without prejudice to Plaintiff to renew the Motion **once the proper agent of service for Defendant Cohen has been identified**." *See* Idell Decl. ¶ 16 and Ex. "P" [6/17/10 Order] at 3:19-22. The Court thus not only permitted Mr. Teich to withdraw as counsel for Cohen, but also to cease acting as Cohen's agent for service of process. The Order does not set forth any mechanism whereby such an agent would or could be identified, and does not order Cohen to identify an agent. Moreover, as a procedural matter, Plaintiff is only required to apply to the

---

[2] Mr. Teich's June 10, 2010 declaration makes a general request that he be relieved "of any responsibility to act on Mr. Cohen's behalf[.]" Idell Decl. ¶ 15.

Case No.: C 98 20718 JW PVT
PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER

court for an order of examination; upon such application, and provided no examination has occurred during the preceding 120 days, the Court must order an examination. *See* Cal. Code Civ. Proc. §§ 708.110(a), (b). By imposing a prerequisite, namely, the identification of an agent for service of process for Cohen, the Court's June 17 Order goes beyond the mandate of the Code of Civil Procedure.

Plaintiff – and the Court – are now left in limbo, waiting for Cohen to somehow decide to appoint a new agent for service of process. Particularly problematic is that Plaintiff cannot personally serve Cohen with orders for judgment debtor's examination, as required by statute. Plaintiff now finds himself in precisely the situation that Plaintiff's counsel feared, namely, "that if Mr. Cohen is released, it will be futile to have further hearings here because he won't return and he will be gone and that will be that[.]" *Cf.* Idell Decl. ¶ 3 and Ex. "B" [12/4/06 transcript at 22:6-10].

While Plaintiff agrees that Mr. Teich need not serve as Cohen's attorney, Plaintiff believes that there has been a manifest failure by the Court to consider the foregoing material facts in issuing the June 17, 2010 Order and, consequently, that leave of court to file a motion for reconsideration is proper. Plaintiff respectfully requests that the Court grant such leave.

## III. <u>ARGUMENT</u>.

Local Rule 7-9 of the United States District Court, Northern District of California, provides that a motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. Subsection (a) of that Rule provides that any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b), and that no party may notice a motion for reconsideration without first obtaining leave of Court to file the motion. Civ. L.R. 7-9(a). Among the grounds available to obtain leave of court to file a motion for consideration is that there has been a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b)(3). Subsection (d) of the Rule provides that, unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held

PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER

concerning a motion for leave to file a motion to reconsider.  Civ. L.R. 7-9(d).   If the judge decides to order the filing of additional papers or that the matter warrants a hearing, the judge will fix an appropriate schedule.  *Id.*

As set forth in great detail above, Plaintiff believes that there was a manifest failure by the Court in rendering its June 17, 2010 Order.  Specifically, Plaintiff believes that the Court failed to consider (a) Cohen's long history of evading service and (b) the condition, imposed on Cohen for his release from incarceration for the many instances of contempt that resulted in a warrant for his arrest, that Mr. Teich serve as Cohen's domestic agent for service of process.  Further, it appears that the Court failed to consider the fact that Steve Teich was acting in a dual capacity for Cohen, namely, (1) as Cohen's attorney and (2) as Cohen's agent for service of process.  Withdrawal from the former role does not necessitate withdrawal from the latter role.

The Court's June 17, 2010 Order relieved Mr. Teich of both roles.  In so doing, the Court granted Mr. Teich relief that he did not specifically request.  Further, the Order – stating that its orders "are without prejudice to Plaintiff to renew the Motion **once the proper agent of service for Defendant Cohen has been identified**" – left Plaintiff and the Court in a situation where personal service on Cohen has been rendered practically impossible, since, on the one hand, the Order does not set forth any mechanism whereby such an agent would or could be identified and does not order Cohen to identify an agent, and on the other hand, Cohen asserts that he lives in Mexico (whereabouts unknown), beyond the Court's jurisdiction, and Cohen has a long history of taking all possible procedural steps to evade service.

Plaintiff, as a judgment creditor, has the right to take Cohen's judgment debtor's examination.  Under California procedure, this requires personal service.  Cal. Code Civ. Proc. § 708.110(d).  The Court's June 17, 2010 Order effectively makes such service practically impossible, since Cohen is purportedly living back in Mexico and his whereabouts are unknown.  Moreover, the Court's June 17, 2010 Order imposes a condition (identification of Cohen's agent for service of process) on Plaintiff's receiving an order of examination that is not required under California procedure.  *See* Cal. Code Civ. Proc. §§ 708.110(a), (b).

PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER

1    Plaintiff thus respectfully requests that the Court grant him leave to file a motion for

2    reconsideration of the June 17, 2010 Order.  This motion should be granted.

3    **IV.      CONCLUSION.**

4         For all of the reasons set forth herein, the Court should grant Plaintiff leave to file a

5    motion for reconsideration of the Court's June 17, 2010 Order.

6                                          Respectfully submitted,

7                                          IDELL & SEITEL LLP

8    Dated: July 30, 2010          By:    /s/ Richard J. Idell
                                          Richard Idell
9                                          Ory Sandel
                                          *Attorneys for Plaintiff Gary Kremen*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On July 30, 2010, I served the following document(s):

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER**

☐ by **E-MAIL TRANSMISSION**, by electronically transmitting a true and correct copy of the document(s) in Adobe Acrobat format to the electronic mail addresses indicated below.

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

☐ by regular **UNITED STATES MAIL** by placing a true and correct copy, enclosed in a sealed envelope for collection and mailing on the date and at the business address shown above following our ordinary business practices to the address(es) noted below. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Stephen Michael Cohen                     Steve E. Teich
A.V La Marina Edif. 13 Dep. 1             1390 Market Street, Suite 310
Fraccionamient El Toro C.P 82120          San Francisco, CA 94102-5402
Mazatlan, Sinaloa Mexico

I certify and declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of an attorney qualified to practice in this court, and that I executed this declaration at San Francisco, California.

_____
Amy Reyes