RICHARD J. IDELL, ESQ., #069033
ORY B. SANDEL, ESQ., #233204
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

TIMOTHY P. DILLON, ESQ., #190839
DILLON & GERARDI, APC
4660 La Jolla Village Dr., Suite 775
San Diego, CA 92122
Telephone: (858) 587-1800
Facsimile: (858) 587-2587

*Attorneys for Plaintiff*
*GARY KREMEN*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>STEPHEN MICHAEL COHEN, an individual, *et al.*<br><br>      Defendants. | Case No.: C 98 20718 JW PVT<br><br>**DECLARATION OF RICHARD J. IDELL IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER**<br><br>Honorable Judge James Ware, Presiding |

I, Richard J. Idell, do state as follows under penalty of perjury:

1.      I am an attorney at law licensed to practice all of the courts of this state and the attorney of record for plaintiff Gary Kremen ("Plaintiff" or "Kremen") in the above action.  All of the matters set forth herein are of my own personal knowledge and if sworn as a witness I could and would testify competently as to the matters stated herein.

2.    Attached hereto as Exhibit "A" is a true and correct copy of pages 1, 2 and 20 through 24 of the transcript of proceedings held before the Court in this action on November 14, 2005.

3.    Attached hereto as Exhibit "B" is a true and correct copy of pages 1, 2, 22, and 34 through 37 of the transcript of proceedings held before the Court in this action on December 4, 2006.

4.    Attached hereto as Exhibit "C" is a true and correct copy of the Court's December 5, 2006 Order in this action, being Docket No. 1244.

5.    Attached hereto as Exhibit "D" is a true and correct copy of the Court's February 27, 2007 Order in this action, being Docket No. 1259.

6.    Attached hereto as Exhibit "E" is a true and correct copy of the minutes for the Court's August 7, 2007 hearing in this action, being Docket No. 1329.  At the hearing, the Court set a date for Cohen's debtor examination of October 1, 2007, to be held in San Diego, California.  For various reasons, the examination did not go forward on that date, and Plaintiff's counsel contacted Cohen to reschedule the examination.  Cohen would not agree to appear unless witness fees were paid.

7.    Attached hereto as Exhibit "F" is a true and correct copy of Cohen's "Notice of Revocation and Agreement to Appear at a Judgment Debtor's Examination in San Diego, California and a Notice of Revocation of a Waiver of Rule 4(f) Service as Required Under the Federal Rules of Civil Procedures [*sic*]," filed in this action on February 21, 2008, being Docket No. 1354.  That notice purported to explain that between the time the judgment debtor's examination was to have taken place (October 1, 2007) and the rescheduled date sought by Plaintiff's counsel, Cohen had moved to Mazatlan, Mexico and was revoking (1) any prior

1    agreement to appear for deposition outside of "the jurisdiction of [his] residence" and (2) any

2    prior waiver of service of process.

3         8.      In response to Cohen's February 21, 2008 filing, on February 26, 2008, Plaintiff

4    was forced to file a motion to enforce Cohen's previously-ordered appearance for a judgment

5    debtor's examination.  By notice of the Clerk dated March 4, 2008, hearing was set for March

6    31, 2008.  Attached hereto as Exhibit "G" is a true and correct copy of the March 4, 2008 Clerk's

7    Notice Setting Motion Hearing, being Docket No. 1360.

8         9.      Attached hereto as Exhibit "H" is a true and correct copy of the Court's March 11,

9    2008 Order in this action, being Docket No. 1364.  The Court's March 11, 2008 Order denied

10   Cohen's ex parte application for permission to appear telephonically for the hearing scheduled

11   for March 31, 2008, noting that "the proceedings include a debtor's examination which must be

12   conducted personally."

13

14        10.     Attached hereto as Exhibit "I" is a true and correct copy of Cohen's "Ex Party

15   [*sic*] for Motion for Reconsideration, or in the Alternative for (1) an Order Ordering Plaintiff to

16   Advance Fees per Title 28 USC § 1821; or in the alternative for an Order Authorizing the United

17   States Marshal to Transport Cohen So He Will Not Be Held in Contempt," filed in this action on

18   March 11, 2008, being Docket No. 1365.  Cohen's ex parte application claims that he "does not

19   have the funds to transport himself to court" and that he would have no objection to "a

20   stipulation ONE TIME for a 'JD Examination' without process of service to take place in

21   Mazatlan, Mexico on a date and time certain set by the court[.]"

22

23        11.     Attached hereto as Exhibit "J" is a true and correct copy of Cohen's "Petition for

24   an Emergency Writ of Mandamus (FRAP 21)," filed in this action on March 20, 2008, being

25   Docket No. 1370-2.  Attached hereto as Exhibit "K" is a true and correct copy of Cohen's

26   declaration in support of the said "Petition for an Emergency Writ of Mandamus (FRAP 21),"

27

28

1  and the exhibits thereto, filed in this action on March 20, 2008, being Docket Nos. 1370-4 and

2  1370-5.  Cohen's petition requests that the appellate court determine whether a district court

3  judge can "order a Defendant in a civil case to appear 2000 miles from his place of residence

4  based upon a perjurious application for a JD Examination."  Cohen's declaration in support of

5  the petition again states that he is "without the necessary funds to travel at [his] own expense."

6      12.     Attached hereto as Exhibit "L" is a true and correct copy of Cohen's "Agreement

7  to Be Served Through E-mail," filed in this action on March 20, 2008, being Docket No. 1370-6.

8  This purported "agreement" was "only valid for this specific Emergency Writ of Mandamus field

9  with the Ninth Circuit Court of Appeals."  The email address listed by Cohen was

10  "mrstephenmcohen@yahoo.com".  On March 27, 2008, the Ninth Circuit denied Cohen's

11  petition.

12      13.     Attached hereto as Exhibit "M" is a true and correct copy of the Court's March

13  28, 2008 Order in this action, being Docket No. 1372.  The March 28, 2008 Order granted

14  Plaintiff's motion to take Cohen's judgment debtor's examination and ordered Cohen to appear

15  in San Jose, California at 9:00 a.m. on April 7, 2008.  The Court's March 28 Order specifically

16  notes the following:

17
18
19      1.     A foreign defendant may be required to face a Debtor Examination within
           the jurisdiction of the court in which the money judgment was entered;

20      2.     Cohen is not a prevailing party entitled to fees; and

21      3.     Cohen's representations that he is a resident of Mexico conflict with
22             previous representations that he would make himself available for a
23             Debtor Examination in San Diego, California and receive service of
24             documents through the Court's electronic filing system.

25      14.     Cohen appeared before the Court on April 7, 2008, as ordered.  Attached hereto as

26  Exhibit "N" is a true and correct copy of Cohen's "Corrected Notice of Appearance at Judgment

IDELL DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE
MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER

Debtor's Examination Pursuant to this Court's Order and a Declaration of Stephen Michael Cohen of Errata, Corrections, and Additions," filed in this action on April 8, 2008, being Docket No. 1377.

15.     On May 14, 2010, Plaintiff applied *ex parte* to again take Cohen's judgment debtor's examination.  The Court granted the application on May 21, 2010, ordering Cohen to appear on June 28, 2010 at 9:00 a.m.  Attached hereto as Exhibit "O" is a true and correct copy of the Court's May 21, 2010 Order in this action.  The Court's May 21 Order also provides that Plaintiff "personally serve Steven Teich, Esq. on behalf of Stephen Cohen in compliance with the Court's December 4, 2006 Order[.]"  In apparent response to service of the Court's May 21 Order, Mr. Teich filed two declarations and a request for approval of substitution of attorney dated December of 2006.  Mr. Teich's June 10, 2010 declaration makes a general request that he be relieved "of any responsibility to act on Mr. Cohen's behalf[.]"

16.     Attached hereto as Exhibit "P" is a true and correct copy of the Court's June 17, 2010 Order in this action.  The Court's June 17, 2010 Order: (1) vacated the Court's May 21 Order and (2) vacated the June 28, 2010 judgment debtor's examination.  The Court's June 17, 2010 Order states that those orders "are without prejudice to Plaintiff to renew the Motion once the proper agent of service for Defendant Cohen has been identified."

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 30th day of July, 2010 at San Francisco, California.

/s/ Richard J. Idell
Richard J. Idell

IDELL DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER