Exhibit "D"

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Gary Kremen,

             Plaintiff,

    v.

Stephen Cohen, et al.,

             Defendants.
_____/

NO. C 98-20718 JW

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUBSTITUTION OF
ATTORNEY**

On February 26, 2007, the Court conducted a Hearing on Judgment/Debtor Satisfaction and Defendant Stephen Cohen's ("Cohen") Motion for Substitution of Attorney. In attendance were Richard Idell and Timothy Dillon, counsel for Plaintiff; Steve Teich, counsel for Cohen; and Cohen. The Court orders as follows:

1.    Pursuant to the parties' verbal stipulation during the hearing, service on Steve Teich's office, located at 1390 Market Street #310, San Francisco, CA 94102, is equivalent to personal service on Cohen. This is true for matters relating to both the civil and contempt proceedings in this case.

2.    Cohen's motion to substitute counsel for John Goalwin is granted as to himself only. Cohen shall represent himself in further proceedings before the Court.

3.    The Court grants Cohen's request to designate this case for e-filing. The parties shall electronically file any further documents in this case.

Dated: February 27, 2007

                          _James Ware_____
                          JAMES WARE
                          United States District Judge

**United States District Court**
For the Northern District of California

1    **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2    Chad S. Hummel chummel@manatt.com
Christopher L. Wanger cwanger@manatt.com

3    Daniel E. Alberti dalberti@mwe.com
David Henry Dolkas ddolkas@mwe.com

4    George G. Weickhardt gweickhardt@ropers.com
Glen H. Isaacs invalidaddress@invalidaddress.com

5    Jack S. Yeh jyeh@manatt.com
James M. Wagstaffe wagstaffe@kerrwagstaffe.com

6    John P. Kern jkern@manatt.com
Karl Stephen Kronenberger karl@kronenbergerlaw.com

7    Patricia  De Fonte Patricia.DeFonte@idellseitel.com
Richard J. Idell richard.idell@idellseitel.com

8    Steve Emery Teich steve.teich@sbcglobal.net
Terri R Hanley law@terrihanley.com

9

10    **Dated:  February 27, 2007**            **Richard W. Wieking, Clerk**

11

12                                        **By:   /s/ JW Chambers**
                                           **Elizabeth Garcia**
                                           **Courtroom Deputy**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "E"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**\*E-FILED\***

### CIVIL MINUTES

**Judge: James Ware**
**Date: 8/6/2007**
**Case No: C- 98-20718 JW**

**Courtroom Deputy: Elizabeth Garcia**
**Court Reporter: Lee-Anne Shortridge**
**Interpreter: N/A**

### TITLE

**Gary Kremen et al . v. Stephen Michael Cohen et al**

**Attorney(s) for Plaintiff(s)**: Richard Idell
**Attorney(s) for Defendant(s)**: Stephen Michael Cohen (in pro per)

### PROCEEDINGS

(1) Defendant's Amended Rule 60 Motion and In the Alternative A Motion Based upon Subject Matter Jurisdiction and Lack of Standing; A Motion for a Constructive Trust; and Order of Examination of Gary Kremen [Docs. 1296, 1279, 805]
(2) Dependant's Ex Parte Motion Pursuant to Local Rule for An Order Denying Plaintiffs Application and Order for Appearance of Examination [Doc. 1325]

### ORDER AFTER HEARING

Hearing Held.  The Court took these motions under submission after oral arguments.  The Court set the date for Debtor Examination for 10/1/2007.  Defendant Cohen and Plaintiff Stipulated on the record that the Debtor Examination shall be held in San Diego, California.  Plaintiff counsel shall service documents on Defendant through the Court's electronic court filing system.

*Elizabeth C Garcia*
Elizabeth C. Garcia
Courtroom Deputy
Original: **E-Filed**
CC:

Exhibit "F"

Stephen Michael Cohen
A.V La Marina Edif.13 Dep.1
Fraccionamiento El Toro C.P 82120
Mazatlan, Sinaloa Mexico

Email mrstephenmcohen@yahoo.com

Attorney for Judgment Debtor


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


GARY KREMEN,

      Plaintiff,

   vs.

STEPHEN MICHAEL COHEN, at al.,

     Defendants.

_____

) Case No. CV 98-20718 JW PVT
)
) NOTICE OF REVOCATION  AND
) AGREEMENT TO APPEAR AT A
) JUDGMENT DEBTOR'S EXAMINATION
) IN SAN DIEGO, CALIFORNIA AND A
) NOTICE OF REVOCATION OF A WAIVER
) OF RULE 4(f) SERVICE AS REQUIRED
) UNDER THE FEDERAL RULES OF
) CIVIL PROCEDURES
)
)
)
)
)
)
)
)
)
)
)
)
)

TO ALL PARTIES, PLEASE TAKE NOTICE:

    COMES NOW, Stephen Michael Cohen, Judgment Debtor in the
above entitled case who hereby REVOKES his prior agreements to:


NOTICE OF REVOCATION

1

1    Hold a "Judgment Debtor's Examination" outside of the legal

2  jurisdiction of Cohen's residence and place of employment in

3  Mazatlan, Mexico pursuant to Rule 4(f) of the Federal Rules of

4  Civil Procedures that is provided for persons residing and

5  employed outside of the United States and;

6    To be served pursuant to Rule 4 of the Federal Rules of

7  Civil Procedures for an order to appear for a Judgment Debtor's

8  Examination.

9    Attached hereto and incorporated herein, is Cohen's

10  declaration in support of his NOTICE OF REVOCATION for the

11  courts perusal.

12

13  Dated: February 21, 2008          Respectfully submitted,

14

15

16                         /s/_____

17                         Stephen Michael Cohen
                           Attorney for Judgment
18                         Creditor

19

20

21

22

23

24

25

26

27

28

NOTICE OF REVOCATION

2

1   Stephen Michael Cohen
    A.V La Marina Edif.13 Dep.1
2   Fraccionamiento El Toro C.P 82120
    Mazatlan, Sinaloa Mexico
3
    Email mrstephenmcohen@yahoo.com
4
    Attorney for Judgment Debtor
5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

12                                  )  Case No. CV 98-20718 JW PVT
    GARY KREMEN,                     )
13                                   )  DECLARATION OF STEPHEN MICHAEL
              Plaintiff,             )  COHEN
14                                   )
         vs.                         )
15                                   )
                                     )  Date:       March  31, 2008
16                                   )  Time:       9:00 A.M.
                                     )  Courtroom:  8
17  STEPHEN MICHAEL COHEN, at al.,   )
                                     )
18                                   )  (Without oral argument)
              Defendants.            )
19                                   )
                                     )  Judge James Ware, Presiding
20                                   )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24  _____)

25

26        I, Stephen Michael Cohen hereby declare that:

27        I am the judgment creditor in this entitled case.

28

1      On or about February of 2006, I agreed to appear at a

2   judgment debtor's examination in San Diego, California.  At the

3   time I was residing in San Diego, California.

4      From June of 2006 forward to this date, Plaintiff and his

5   attorneys have scheduled numerous "Judgment Debtor's

6   Examinations" that in fact have never taken place.

7      On July 31, 2007 Plaintiff's attorney Richard Idell filed a

8   fraudulent and perjurious document for a scheduling of my

9   "Judgment Debtor's Examination" before this court which is the

10  subject of a hearing currently scheduled for March 30, 2008.

11     In Mr. Idell's application for a JD hearing, Mr. Idell

12  fraudulently stated that I resided, and or had a business

13  located within 50 miles of this court.  At the time Mr. Idell

14  made this fraudulent statement he knew that I was residing in

15  Tijuana, Mexico.

16     Mr. Idell's purpose in submitting a fraudulent application

17  for a "Judgment Debtor's Examination" was for the purpose of

18  giving this specific court jurisdiction to order myself to

19  appear at a "Judgment Debtor's Examination" to be held at Mr.

20  Idell's office in San Francisco, California.

21     On August 7, 2007, I and Richard Idell both appeared in

22  open court on my motion under Rule 60(B).  At that time, I

23  stipulated and agreed to appear on October 1, 2007 for a JD

24  examination to be held in San Diego, California.  The court

25  ordered Plaintiff and his attorneys to file and notify all

26  parties including myself as to the date, time and place of the

27  new scheduled JD examination.

28     No such notification was ever filed with the court by

DECLARATION OF STEPHEN MICAHEL COHEN IN SUPPORT OF HIS MOTION FOR A RULING

2

1  Plaintiff or his attorneys as ordered by this court. As a
2  result, no such examination ever took place.
3      In November of 2007, I moved to Mazatlan, Mexico which is
4  over 2000 driving miles from San Diego, California.
5      On November 26, 2007, I filed a change of address with the
6  court and consequently, all parties where notified via the ECF.
7      In my change of address, I again agreed to appear anywhere
8  Plaintiff or his attorney's wanted to hold a deposition provided
9  that they pay all fees as required under Title 28.
10     At this moment in time, I am under no notices to appear
11 before this entitled court, nor have I been notified to appear
12 at any judgment debtor's examinations by Plaintiff or his
13 attorneys.
14     **At this time, I hereby REVOKE my waiver of notification of**
15 **service of process as required by Rule 4 of the Federal Rules of**
16 **Civil Procedures and I further REVOKE my waiver to hold any**
17 **"Judgment Debtor's Examinations" outside of the jurisdiction of**
18 **my residence as provided under Rule 4(f) of the Federal Rules of**
19 **Civil Procedures.**
20     I declare under the penalty of perjury that the foregoing
21 is true and correct.
22     Executed on this 22[th] day of February, in the City of
23 Mazatlan, Mexico.
24
25
26
27                          /s/ _____
                            Stephen Michael Cohen
28                          Declarant

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on this 21[th] day of February, 2008, I electronically filed the foregoing

4      with the Clerk of the Court using the *CM/ECF* system which will send notification of such

5      filing to the following:

6

7

8      Richard J. Idell, Esq.
       Idel & Seitel
9      465 California Street, Suite 300
       San Francisco, CA 94104
10     Served via Email to: Richard.idell@idellseitel.com

11     Dillion and Gerardi, APC
       Attn.: Timothy P. Dillion, Esq.
12     4660 La Jolla Village Drive, Suite 775
       San Diego, CA 92122
13     Served via email to: tdillon@dillongerardi.com

14     Steve Emery Teich, Esq.
       1390 Market Street
15     Fox Plaza, Suite 310
       San Francisco, CA 94102
16     Send via email to: steve.teich@sbcglobal.net

17

18

19

20     Dated: February 21, 2008                    /s_____
                                                   Stephen Michael Cohen
21                                                 Attorney for Judgment Debtor
                                                   In Pro Se
22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Exhibit "G"

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KREMEN, ET AL,                                            No. C 98-20718 JW

        Plaintiff(s),

    v.                                             CLERK'S NOTICE SETTING MOTION
                                HEARING

COHEN, ET AL,

        Defendant(s).

_____/

TO ALL PARTIES AND COUNSEL OF RECORD:

YOU ARE NOTIFIED THAT the following has been set for hearing before Judge James Ware on

**March 31, 2008 at 9:00 AM** in Courtroom 8, 4th Floor, 280 S. 1st  Street, San Jose, California:

1. MOTION for Hearing on Defendant's 1325 Ex-Parte motion (Docket Item 1353)

2. Notice of revocation and agreement to appear at judgment debtor's examination in San Diego and

NOTICE of REVOCATION of a waiver of rule4(f) (Docket Item 1354) and

3. MOTION and [proposed] Order for appearance re: to Enforcement for Judgment Debtor Exam

(Docket Item 1356)

The parties may not notice any additional motions to be heard on the scheduled date.  Any future

motions should be noticed and filed according to the Civil Local Rules and subject to the Court's

availability to hear the motion.

Dated: March 4, 2008

                               FOR THE COURT,
                               Richard W. Wieking, Clerk

                        by: _____/s/_____
                                 Elizabeth Garcia
                                 Courtroom Deputy

Exhibit "H"

Stephen Michael Cohen
A.V La Marina Edif.13 Dep.1
Fraccionamiento El Toro C.P 82120
Mazatlan, Sinaloa Mexico
Tel Number: +52 443 148-0690
Email mrstephenmcohen@yahoo.com

Attorney for Judgment Debtor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GARY KREMEN, | Case No. CV 98-20718 JW PVT |
| Plaintiff, | JUDGMENT DEBTOR COHEN'S EX PARTE MOTION TO APPEAR ON MARCH 31, 2008 AT 9:00 A.M. TELEPHONICALLY |
| vs. | |
| STEPHEN MICHAEL COHEN, at al., | Date:        March 31, 2008<br>Time:        9:00 A.M.<br>Courtroom:   8 |
| Defendants. | Judge James Ware, Presiding |

Comes now Stephen Michael Cohen, judgment debtor who applies ex party for permission to appear telephonically for the

JUDGMENT DEBTOR COHEN'S EX PARTE MOTION TO APPEAR ON MARCH 31, 2008 AT 9:00 A.M. TELEPHONICALLY

1

1  current appearance scheduled on March 31, 2007 at 9:00 A.M.

2  before the Honorable James Ware.

3      Said motion is pursuant to Local Rules 7-1(b), 7-10 and 7-

4  11.

5      Judgment Debtor's voice over IP number is 011 52 443 148-

6  0690 from the United States.

7      Said motion is based upon the attached declaration of

8  Stephen Michael Cohen.

9  Dated: March 4, 2008               Respectfully Submitted,

10

11

12

13                            __/s/_____
                              Stephen Michael Cohen
14                            Attorney for Judgment Debtor

15

16  **\*\*\* ORDER \*\*\*\***

17      The Court DENIES Defendant Cohen's motion to appear telephonically for the

18  March 31, 2008 proceedings.  First, the Court does not have the facility to

19  accommodate telephonic appearances at this time.  Second, having brought a

20  motion before the Court, Defendant Cohen must appear to defend his motion.

21
22  Finally, the proceedings include a debtor's examination which must be conducted

23  personally.

24      Accordingly, the parties shall appear for the **March 31, 2008 hearing at 9 A.M.**

25
26  to respond to the various motions currently before the Court.

27

28  Dated:  March 11, 2008        _____
                                  JAMES WARE
                                  United States District Judge

JUDGMENT DEBTOR COHEN'S EX PARTE MOTION TO APPEAR ON MARCH 31, 2008
AT 9:00 A.M. TELEPHONICALLY

Exhibit "I"

1  Stephen Michael Cohen
   A.V La Marina Edif.13 Dep.1
2  Fraccionamiento El Toro C.P 82120
   Mazatlan, Sinaloa Mexico
3  Tel Number: +52 443 148-0690
   Email mrstephenmcohen@yahoo.com

4  Attorney for Judgment Debtor

5

6

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11

12  GARY KREMEN,                  ) Case No. CV 98-20718 JW PVT
                                  )
13           Plaintiff,           ) EX PARTY FOR MOTION FOR
                                  ) RECONSIDERATION, OR IN THE
14      vs.                       ) ALTERNATIVE FOR (1) AN ORDER
                                  ) ORDERING PLAINTIFF TO ADVANCE
15                                ) FEES PER TITLE 28 USC § 1821; OR IN THE
                                  ) ALTERNATIVE FOR AN ORDER
16                                ) AUTHORIZING THE UNITED STATES
    STEPHEN MICHAEL COHEN, at al., ) MARSHAL TO TRANSPORT COHEN SO
17                                ) HE WILL NOT BE HELD IN CONTEMPT
                                  )
18           Defendants.          )
                                  ) Date:        March 31, 2008
19                                ) Time:        9:00 A.M.
                                  ) Courtroom:   8
20                                )
                                  )
21                                )
                                  ) Judge James Ware, Presiding
22                                )
                                  )
23                                )
                                  )
24  _____)

25

26      Comes now Stephen Michael Cohen, judgment debtor who

27  applies ex party pursuant to Local Rule 5-6(B) for motion for

28  Reconsideration, or in the *Alternative* for (1) an order ordering

EX PARTY FOR MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE FOR (1) AN
ORDER ORDERING PLAINTIFF TO ADVANCE FEES PER TITLE 28 USC § 1821; OR IN THE
ALTERNATIVE FOR AN ORDER AUTHORIZING THE UNITED STATES MARSHAL TO TRANSPORT
COHEN SO HE WILL NOT BE HELD IN CONTEMPT
                                  1

1   Plaintiff to advance fees per Title 28 USC § 1821; or in the

2   *Alternative* for an order authorizing the United States Marshal to

3   transport Cohen so he will not be held in contempt of court for

4   not doing as the court so ordered.

5       Cohen does not have the funds to transport himself to the

6   court as ordered on March 11, 2008. (See the Declaration of

7   Stephen Michael Cohen)

8       Cohen current cash is $220 dollars that is needed for his

9   daily medicine. (See attached declaration of Cohen)

10      Title 28 USC § 1821 authorizes the payment of fees and

11  without these fees, Cohen is unable to transport himself to the

12  court and back to his residence in Mazatlan, Mexico.

13      The current order of the court has placed Cohen into an

14  extreme hardship making it impossible for Cohen to meet the

15  conditions of this court current order of March 11, 2008.

16      In the alternative, Cohen requests a court order directed

17  to the United States Marshal authorizing Cohen's transportation

18  to and from Mazatlan, Mexico to San Jose, California on March

19  31, 2008.

20      In the alternative, Cohen requests a court order setting

21  aside the requirement of Cohen to personally appear in San Jose,

22  California.

23      In the Alternative, Cohen has no objection to a stipulation

24  *ONE TIME* for a "JD Examination" without process of service to

25  take place in Mazatlan, Mexico on a date and time certain set by

26  the court of which notice is sent via the Court's EFS.

27  //

28

1      Said motion is based upon the attached declaration of

2  Stephen Michael Cohen.

3  Dated: March 11, 2008              Respectfully Submitted,

4

5

6

                                  __/s/_____
7                                 Stephen Michael Cohen
                                  Attorney for Judgment Debtor
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "J"

Stephen Michael Cohen
A.V La Marina Edif.13 Dep.1
Fraccionamiento El Toro C.P 82120
Mazatlan, Sinaloa Mexico
Tel Number: +52 443 148-0690
Email mrstephenmcohen@yahoo.com

Petitioner-Defendant in PRO SE

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN MICHAEL COHEN, | Case Number _____ |
| Petitioner-Defendant, | PETITION FOR AN EMERGENCY WRIT OF MANDAMUS (FRAP 21) |
| v. | Northern District of California Case# CV 98-20718 JW PVT |
| HONORABLE JAMES WARE Respondent. | |

PETITION FOR WRIT OF MANDAMUS OF PETITIONER-DEFENDANT, STEPHEN MICHAEL COHEN AND BRIEF IN SUPPORT

COMES NOW the Petitioner, Stephen Michael Cohen and moves this Court to:

1. Assume jurisdiction in this matter and issue a Writ of Mandamus to the District Court directing the respondent to enter the appropriate orders specifically requested herein;

2. Order witness fees to be paid in advance to Stephen Michael Cohen as directed under Title 28 USC § 1821;

3. Order an investigation into the perjurious statements of Richard Idell and Timothy P. Dillon pursuant to the Northern District Court's Local Rule 11-6;  and

4. Issue a stay of the proceedings below pending resolution of this Petition in this Court.

PETITION FOR AN EMERGENCY WRIT
OF MANDAMUS (FRAP 21)

1

### ISSUES PRESENTED

1.  *Is the District Judge duty bound to take action against criminal activity committed in his courtroom?*

2.  *Can a District Judge order a Defendant in a civil case to appear 2000 miles from his place of residence based upon a perjurious application for a JD Examination?*

### FACTS

Plaintiff was awarded final judgment on April 3, 2001 in the case of <u>Kremen v Cohen</u> out of the Northern District of California.

The Ninth Circuit ordered defendant case dismissed based upon the "Fugitive Disentitlement Doctrine".

Petitioner-Defendant was arrested on a coercive contempt on October 21, 1995.

At the December 4, 2006 hearing the District Judge ordered Defendant as a condition of his release from the contempt, that the Defendant return back to the court on February 26, 2007 at 9:00 AM for a Judgment Debtors Examination. The court further ordered that Mr. Teich accept service for Mr. Cohen as a condition of his release from the contempt based upon the statement of Plaintiff's attorney Richard Idell that the Defendant did not have a valid address and their fear that the Defendant would flee the jurisdiction upon his release and not appear at his scheduled JD examination on February 26, 2007. (See Exhibit "A" Page 32 lines 24-25 and Page 33, lines 1-3, Page 35,  Lines 1-10)

Defendant appeared for his Judgment Debtor's examination on February 26, 2007 as ordered by the court and was substituted in PRO SE (See Exhibit "B")

During the period of February of 2007 through August of 2007, Plaintiff issued numerous subpoenas to third parties and Defendant filed numerous motions to quash and for protective orders all of which were granted.

Defendant had filed numerous declarations before the District Court stating that he is residing in the Country of Mexico. Each of Defendant's declarations was served upon Plaintiff and his attorneys through the District Court's Electronic filing system .

On August July 31, 2007, Richard Jay Idell (California State Bar Number 69033) an attorney representing Plaintiff filed an application for a new "Judgment Debtor's Examination" to take place in his office located in San Francisco, California. In support of his application to the District Court, Mr. Idell's signed a declaration under the penalty of perjury that the defendant resided or worked within 150 miles of the court.

Defendant has never resided, or own a business located in Northern California, or for that matter within 150 miles radius of the District Court or San Francisco, California.

On August 1, 2007, Defendant filed a motion to set aside Plaintiff's "Judgment Debtor's Examination" based upon fraud upon the court. The District Court scheduled a hearing on August 6, 2007 at which time the District Court was also hearing Defendant's motion under Rule 60(b).

At the hearing on August 6, 2007, The Defendant who was residing in Mexico agreed and stipulated with Idell to appear at a new JD examination to be held on October 1, 2007 at Timothy P. Dillon (Plaintiff's other attorney) office in San Diego, California. Consequently, the court then issued it order ordering Plaintiff to notify all parties as to the time and date of the examination of which Plaintiff was ordered to file his notice via the court's EFS upon Defendant's request.

Plaintiff and his attorneys failed to notify Defendant pursuant to the District court's order and consequently, no examination ever took place.

On November 26, 2007, Defendant filed his "change of address" with the District Court and all parties were served. Contained in Defendant's "Change of Address" was his stipulation and agreement to appear anywhere Plaintiff wanted to hold a JD examination providing that Plaintiff pay in advance all fees required under Title 28 USC § 1821. Defendant also stated that he did not own a business and was a resident of Mexico living in Mazatlan, Sinaloa. (See Exhibit "C")

On November 26, 2007, Plaintiff's attorney Timothy Patrick Dillon (California State Bar Number 190839) wrote to Defendant via email and requested a new date for a JD examination. Defendant responded stating he would appear at his JD examination upon proper notice and payment of the required fees, since he was broke and without necessary funds to travel. (See Exhibit **"D"** marked page 000006 and 7)

On November 27, 2007, Dillon sent another email to Defendant requesting additional information on his new residence. Defendant responded via email with the required information. (See Exhibit "D", marked page 000009, 10, 11 12 and 13)

On February 20, 2008, which was 90 days later, Defendant received a new email from Dillon requesting a new date for a JD examination. Defendant responded to Dillon request with agreeable dates and a request for information to be given to the United States Marshal for determination of the correct fees to be advanced per Title 28 USC § 1821. (See Exhibit "D", marked page 000015 and 16)

On February 20, 2008, Dillon responded stating "we disagree and dispute the need to provide you with funds to appear for your Debtor's Examination." (See Exhibit "D", marked page 16 and 17)

PETITION FOR AN EMERGENCY WRIT
OF MANDAMUS (FRAP 21)

On February 21, 2008, Defendant filed his "Notice of Revocation and Agreement to Appear at a Judgment Debtor's Examination in San Diego, California and a Notice of Revocation of his Waiver under Rule 4(f) as required for service of a JD Examination," and Defendant further filed a declaration in support with all documents being served upon all parties through the District Court's EFS. (See Exhibit "E")

On February 21, 2008, Defendant filed a motion for a ruling on his motion that was taken under submission on August 6, 2008

On February 26, 2008, Dillon submitted his "Application and order for Appearance and Examination" of Defendant of which Dillon stated under the penalty of perjury that "The person to be examined resides or has a place of business in this county or within 150 miles of the place of Examination.   Dillon listed the place of Examination be in San Diego, California at his office. (See Exhibit F, below line 2 and line 6 of Dillon's Application and Order to Appear for Examination.

On February 27, 2008, Attorney O Robert Meredith signed a declaration on behalf of his client John Hawkins and stated that neither the Plaintiff nor his attorneys ever contacted him in reference to the Defendants place of residence in Mazatlan, Mexico. (See Exhibit "G")

On February 28, 2008, Defendant filed his "Opposition to Plaintiff's Ex Parte request to take Defendant's JD Examination based upon "Fraud upon the Court" and for other action the District Court deems just and proper."

On March 3, 2008, Defendant filed his reply to his motion in opposition to Plaintiff's Application and Order to Appear for Examination.

On March 3, 2008 the District Court set a hearing date of March 31, 2008 at 9:00 A.M.

On March 4, 2008, Defendant filed his motion to hold a telephonic hearing since he lived in Mexico.

On March 11, 2008, the court denied Defendant's request for a telephonic hearing and ORDERED Defendant to appear in person at his own expense. (See Exhibit "H")

On March 11, 2008, Defendant filed an Ex Parte Application for Reconsideration of the telephonic order or in the alternative requesting advance travel fees or for an order ordering the United States Marshal to transport defendant so he would not be held in contempt.  Defendant also filed a complete financial and stipulated to appear at a JD Examination anywhere Plaintiff wanted to hold it providing Plaintiff pay the requisite fees pursuant to Title 28 USC § 1821.

The District Court as of this moment in time has failed to rule on Defendant's motion.

//

//

## <u>AGRUMENT</u>

1. *Is the District Judge duty bound to take action against criminal activity committed in his courtroom?*

The Northern District of California has adopted Local Rule 11-6 which states:

In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, the Judge may do any or all of the following:

**(1)** Initiate proceedings for civil or criminal contempt under Title 18 of the United States Code and Rule 42 of the Federal Rules of Criminal Procedure;

**(2)** Impose other appropriate sanctions;

**(3)** Refer the matter to the appropriate disciplinary authority of the state or jurisdiction in which the attorney is licensed to practice;

**(4)** Refer the matter to the Court's Standing Committee on Professional Conduct; or

**(5)** Refer the matter to the Chief Judge for her or him to consider whether to issue an order to show cause under Civ. L.R. 11-7.

In this specific case, the District Judge has done nothing.

Defendant's prior attorney's Michael Mayock (an ex US attorney), Robert Dorband, John Goldwin, Roger Agajanian and Steve Teish have each personally appeared and informed the District Judge of the illegal activity of Plaintiff and his attorneys and in no case has the District Judge taken action.

The Defendant has personally presented two motions relating to the illegal activity of Idell and Dillon of which the District Court has failed to rule upon.

The District Judge's prejudice and repugnance against Defendant should not be a factor in determining if both attorneys have in fact engaged in a criminal act.

Title 18 USC §1018 Official certificates or writings
Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both.

PETITION FOR AN EMERGENCY WRIT
OF MANDAMUS (FRAP 21)

When a district court fails to hold its officers to its high standards then it demeans our judicial system.  Further, it sends an unambiguous message that this kind of activity is sanctioned and consequently, that is unacceptable.

Both Idell and Dillon are members of the California Bar and at all times had knowledge that the District Judge would not have jurisdiction to order the Defendant into its jurisdiction unless the Defendant resided or worked within 150 miles of the District Court. See California Civil procedures section 708.160(b)

During the period of February of 2006 forward, the Defendant has submitted numerous documents declaring under the penalty of perjury that he was residing in Mexico.

At no time did Idell or Dillon ever claim that the Defendant was not residing in Mexico and at no time was there ever any documents ever submitted to the court claiming that the Defendant was not residing in Mexico.

At all times mentioned, both Idell and Dillon had knowledge that the Defendant was residing in the Republic of Mexico at the time they submitted their perjurious document to the District Judge.

Both Idell and Dillon intent was to obtain an order of the District Court by way of a perjurious document.

What is the possible harm is there in referring the matter over to the Northern District Court's "Standing Committee on Professional Conduct" for an investigation to determination by one's peers?

For a court to allow this kind of criminal activity to continue not only ruins the reputation of all courts but set a bad example for the general public.

2.   *Can a District Judge order a Defendant in a civil case to appear 2000 miles from his place of residence based upon a perjurious application for a JD Examination?*

California Civil procedures section 708.160(b) states:
> (b) A person sought to be examined may not be required
> to attend an examination before a court located outside
> the county in which the person resides or has a place of
> business unless the distance from the person's place of
> residence or place of business to the place of examination
> is less than 150 miles.

Defendant's filed a motion for a ruling on his motion that was taken under submission by the court.   There is no reason why the Defendant should be required to appear on this motion and it is an abuse of discretion by the District Judge to order a person to travel more than 2000 miles on a motion he has had under submission for more than 7 months and failed to rule upon.

PETITION FOR AN EMERGENCY WRIT
OF MANDAMUS (FRAP 21)

At the time the District Court ruled that the defendant was ordered into court.  The Defendant has previously signed a declaration under the penalty of perjury stating he was without the necessary funds to travel 2000 miles.

> *Civil Code Section 2027.010 states that a party wanting to*
> *take a foreign deposition must first obtain a "letter of*
> *Rogatory" that must be served upon the proper authorities*
> *of that foreign nation.*

Twice Dillon and Idell have requested and received "Letter of Rogatory" in the District Court, however in the instant matters they determined that it is easier and cheaper to force the Defendant to appear at his own expense by turning in perjurious documents to the District Judge.

Mexico and the United States have entered into an agreement called the Hague Convention, 23 U.S.T.2555; 28 U.S.C.A. 1782 which provides for the taking of depositions and examinations in both countries.

When the Defendant turned in his motion for reconsideration, the defendant made a complete disclosure of all his assets and liabilities declared under the penalty of perjury.   A close review clearly shows that the Defendant is improvised.

As a desperate act due to the Defendant's financial conditions, Defendant agreed in his motion for reconsideration to appear at a JD Hearing proving that the requisite fees were paid in advance pursuant to Title 28 USC § 1821.

The Defendant even agreed to an examination in Mexico where he lives and he agreed to waive any fees.

There is no reason why the District Judge should punish the Defendant by making him travel 2000 knowing that the Defendant lacks the necessary travel expenses.

The District Judge has failed to rule on Defendant's motion for reconsideration and has thus placed a hardship upon the defendant to either appear with funds that he does not have for transportation or face contempt.

The Defendant is a 60 year old man who has suffered four heart attacks.  He is currently on numerous daily heart medications and has been unemployed for the past 97 days.

## SPECIFIC RELIEF REQUESTED

Petitioner requests that a Writ of Mandamus issue to the Respondent Judge of the District Court directing him to:

1.  Command the Plaintiff to pay all fees in advance as required under Title 28 USC § 182 if the examination of the Defendant is taken in the United States;

PETITION FOR AN EMERGENCY WRIT
OF MANDAMUS (FRAP 21)

1      2.  Command Plaintiff in the future, to abide by the Federal Rules of Civil Procedures in
     the taking of a foreign examination;

2

3      3.  Refer the perjurious documents signed by Idell and Dillon over to the Northern
     District of California's Standing Committee on Professional Conduct and take
4        whatever action the court deems proper and just; and

5

6      4.  Remove the condition that the Defendant must appear before the District Judge on
     March 31, 2008 or in the alternative, that Plaintiff advance fees as required under
7        Title 28 USC § 182.

8

9   Said petition for an emergency writ of Mandamus is based upon the attached declaration of

10  Stephen Michael Cohen.

11  Dated: March 20, 2008                Respectfully Submitted,

12

13

14

15                                  Stephen Michael Cohen
16                                  Petitioner/Defendant in Pro Se

17

18

19

20

21

22

23

24

25

26

27

28

PETITION FOR AN EMERGENCY WRIT
OF MANDAMUS (FRAP 21)
                         8