Exhibit "L"

| | |
|---|---|
| 1 | Stephen Michael Cohen |
| 2 | A.V La Marina Edif.13 Dep.1 |
| | Fraccionamiento El Toro C.P 82120 |
| 3 | Mazatlan, Sinaloa Mexico |
| 4 | Email mrstephenmcohen@yahoo.com |
| 5 | Petitioner/Defendant in PRO SE |

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY KREMEN,   )   CASE NUMBER _____
   )
   Plaintiff,   )   AGREEMENT TO BE SERVED THROUGH
   )   E-MAIL
   vs.   )
   )   District Court Case Number
   )   CV 98-20718 JW PVT
   )
STEPHEN MICHAEL COHEN, at al.,   )
   )
   Defendants.   )

I, Stephen Michael Cohen Stipulate to be served on my "Emergency Writ of Mandamus through my email address of:

mrstephenmcohen@yahoo.com

This stipulation is only valid for this specific Emergency Writ of Mandamus filed with the Ninth Circuit Court of Appeals.

Dated: March 20, 2008                    Respectfully,


                                          _____
                                          Stephen Michael Cohen


AGREEMENT TO BE SERVED THROUGH E-MAIL

1

1  Stephen Michael Cohen
   A.V La Marina Edif.13 Dep.1
2  Fraccionamiento El Toro C.P 82120
   Mazatlan, Sinaloa Mexico
3
   Email mrstephenmcohen@yahoo.com
4
   Petitioner/Defendant in PRO SE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| GARY KREMEN, | CASE NUMBER _____ |
| Plaintiff, | |
| vs. | AGREEMENT TO BE SERVED THROUGH E-MAIL |
| | District Court Case Number CV 98-20718 JW PVT |
| STEPHEN MICHAEL COHEN, at al., | |
| Defendants. | |

I, Stephen Michael Cohen Stipulate to be served on my "Emergency Writ of Mandamus thtough my email address of:

mrstephenmcohen@yahoo.com

This stipulation is only valid for this specific Emergency Writ of Mandamus filed with the Ninth Circuit Court of Appeals.

Dated: March 20, 2008                    Respectfully,

                                         Stephen Michael Cohen

AGREEMENT TO BE SERVED THROUGH E-MAIL

1

Exhibit "M"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Gary Kremen, | NO. C 98-20718 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S REQUEST TO TAKE DEFENDANT'S JUDGMENT DEBTOR EXAMINATION** |
| v. | |
| Stephen Michael Cohen, | |
| Defendant. | |

Gary Kremen ("Plaintiff") filed this lawsuit asserting that Stephen Michael Cohen ("Defendant") forged documents transferring the domain name "sex.com" from Plaintiff to himself. On April 3, 2001, the Court entered Judgment in favor of Plaintiff and against Defendant. (Docket Item No. 596.) Presently before the Court is Plaintiff's Ex Parte Request to Take Stephen Cohen's Judgment Debtor Examination.[1]

A brief summary of the more recent history of this case is as follows. In November of 2000, the Court granted a motion for summary judgment and for preliminary injunction. The injunction required Defendant, *inter alia*, to repatriate $25,000,000 in funds that he had sent to offshore accounts. In February of 2001, the Court held Defendant in civil contempt for violating court orders, including the order to return the $25,000,000 to the United States. Since 2001, Plaintiff has been engaged in discovery to locate Defendant's assets. On June 6, 2007, Defendant filed a Rule 60

---

[1] (hereafter, "Motion," Docket Item No. 1356.) Defendant has also filed two other motions which are essentially the same in substance as his Opposition to Plaintiff's motion. (See Docket Item Nos. 1353, 1354.) To the extent that these motions raise issues not addresses by this Order, they are deemed DENIED.

motion seeking reconsideration of the Court's September 18, 2001 Judgment against him, which was later denied. (See Docket Item Nos. 1296, 1333.) On August 7, 2007, the Court issued a minute order following the hearing on the motion for reconsideration, setting a date for Defendant's Debtor Examination for October 1, 2007. (Docket Item No. 1329.) The order also reflected the parties' stipulation that the Debtor Examination would be held in San Diego, California. (Id.)

For reasons that are not entirely clear, the examination did not go forward on October 1, 2007. On November 26, 2007, Plaintiff's counsel contacted Defendant to reschedule the Debtor Examination. (See Motion, Ex. A.) Shortly after receiving this communication, Defendant responded that he now resides in Mexico. On February 20, 2008, Plaintiff again requested dates for which Defendant would be available to take his Debtor Examination. (Id., Ex. B.) Defendant responded that he would only make himself available in San Diego if Plaintiff agrees to pay the travel expenses. (Id., Ex. C.)

Federal Rule of Civil Procedure 69 governs enforcement of judgment proceedings in federal courts. Hilao v. Estate of Marcos, 95 F.3d 848, 851 (9th Cir. 1996). In pertinent part, Rule 69 provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a).

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." Imperial Bank v. Pim Elec., Inc., 33 Cal. App. 4th 540, 546-47 (1995); Cal. Civ. Proc. Code § 708.110, *et seq.*

Cal. Civ. Proc. Code § 708.160(b) provides:

> A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the

distance from the person's place of residence or place of business to the place of examination is less than 150 miles.

However, § 708.160(b) does not apply to a defendant that resides in a foreign country. United States v. Feldman, 324 F. Supp. 2d 1112, 1118 (C.D. Cal. 2004). A foreign defendant may be required to face a Debtor Examination within the jurisdiction of the court in which the money judgment was entered. Id.

Defendant has represented that he would attend a Debtor Examination in California if Plaintiff paid certain fees to which Defendant believes he is entitled under 28 U.S.C. § 1821. (Defendant's Opposition to Plaintiff's Ex Parte Request to Take Stephen Cohen's Judgment Debtor Examination at 5, hereafter, "Opposition," Docket Item No. 1357.) However, § 1821 governs fees recoverable for a prevailing party. West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 86-87 (1991). In this case, Judgment was entered against Defendant, and therefore, he is not a prevailing party entitled to fees under the statute.

Defendant also represents that he is now a resident of Mexico, that it is burdensome for him to attend a Debtor Examination in California, and that he has failed to receive certain documents. (Opposition at 10.) As reflected in a prior Order of the Court, these representation conflict with Defendant's previous representations that he would make himself available for a Debtor Examination in San Diego, California and receive service of documents through the Court's electronic filing system. (Docket Item No. 1329.)

Accordingly, the Court GRANTS Plaintiff's request to take Defendant's Debtor Examination. The Court ORDERS Defendant Cohen to appear in San Jose, California, on **April 7, 2008 at 9 a.m.** for the Debtor Examination to be taken. Failure to comply with this Order may subject Defendant to further contempt proceedings.

//

3

     Pursuant to the prior stipulation of the parties, the Debtor Examination may take place in San Diego at the option of either party. In light of this Order, the Court VACATES the hearing on motions currently scheduled on March 31, 2008.

Dated: March 28, 2008

                                               JAMES WARE
                                               United States District Judge

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Daniel E. Alberti dalberti@mwe.com
David Henry Dolkas ddolkas@mwe.com
George Geoffrey Weickhardt gweickhardt@ropers.com
Glen H. Isaacs invalidaddress@invalidaddress.com
Howard Scott Leviant hsleviant@aogllp.com
James Matthew Wagstaffe wagstaffe@kerrwagstaffe.com
Karl Stephen Kronenberger karl@kronenbergerlaw.com
Nadya Yael Spivack nspivack@dillongerardi.com
Patricia De Fonte Patricia.DeFonte@idellseitel.com
Richard J. Idell richard.idell@idellseitel.com
Stephen Michael Cohen mrstephenmcohen@yahoo.com
Steve Emery Teich steve.teich@sbcglobal.net
Terri R Hanley law@terrihanley.com
Timothy Patrick Dillon tdillon@dillongerardi.com

Dated:  March 28, 2008                     Richard W. Wieking, Clerk


                                           By:   /s/ JW Chambers
                                                 **Elizabeth Garcia**
                                                 **Courtroom Deputy**

**United States District Court**
For the Northern District of California

Exhibit "N"

Stephen Michael Cohen
A.V La Marina Edif.13 Dep.1
Fraccionamiento El Toro C.P 82120
Mazatlan, Sinaloa Mexico

Email mrstephenmcohen@yahoo.com

Attorney for Judgment Debtor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KREMEN, | Case No. CV 98-20718 JW PVT |
| Plaintiff, | CORRECTED NOTICE OF APPEARANCE AT JUDGMENT DEBTOR'S EXAMINATION PURSUANT TO THIS COURT'S ORDER AND A DECLARATION OF STEPHEN MICHAEL COHEN OF ERRATA, CORRECTIONS, AND ADDITIONS |
| vs. | |
| STEPHEN MICHAEL COHEN, at al., | |
| Defendants. | |

TO ALL PARTIES, PLEASE TAKE NOTICE:

COMES NOW, Stephen Michael Cohen, Judgment Debtor in the above entitled case who hereby informs the court that he appeared at this court's ordered examination on April 7, 2008.

CORRECTED NOTICE OF APPEARANCE AT JUDGMENT DEBTOR'S EXAMINATION
PURSUANT TO THIS COURT'S ORDER AND A DECLARATION OF STEPHEN
MICHAEL COHEN OF ERRATA, CORRECTIONS, AND ADDITIONS

1

1 | Further, Cohen immediately informs all parties of errata,
2 | corrections and additions to his testimony through his
3 | declaration which is attached hereto.
4 | Dated: April 8, 2008                    Respectfully

/s/ _____
Stephen Michael Cohen
Attorney for Judgment
Creditor

CORRECTED NOTICE OF APPEARANCE AT JUDGMENT DEBTOR'S EXAMINATION PURSUANT TO THIS COURT'S ORDER AND A DECLARATION OF STEPHEN MICHAEL COHEN OF ERRATA, CORRECTIONS, AND ADDITIONS

2

Exhibit "O"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, | Case No.: C 98 20718 JW PVT |
| Plaintiff, | [PROPOSED] ORDER |
| v. | |
| STEPHEN MICHAEL COHEN, | |
| Defendant. | |

FOR GOOD CAUSE SHOWING, the Court grants Plaintiff's Ex Parte Application to Take Stephen Cohen's Judgment Debtor Examination as follows:

1. Plaintiff shall personally serve Steven Tiech, Esq. on behalf of Stephen Cohen in compliance with the Court's December 4, 2006 Order; and

2. Stephen Cohen shall appear at this Court on ____June 28____, 2010 at 09:00 a.m. for his judgment debtor's examination.

IT IS SO ORDERED.

Dated: May 21, 2010

_____
Honorable James Ware

1
[PROPOSED] ORDER

Exhibit "P"

*IT IS SO ORDERED*
*Judge James Ware*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| **GARY KREMEN**, an individual, | CASE NO. **98-20718 JW** |
| Plaintiff, | **ORDER GRANTING STEVE TEICH'S REQUEST TO WITHDRAW AS COUNSEL OF RECORD** |
| vs. | |
| **STEPHEN MICHAEL COHEN**, an individual, | |
| Defendant. | |

I **STEVE EMERY TEICH**, hereby declare:

That I am an attorney at law duly licensed to practice before the Northern District of California;

That on June 10, 2010, I received by way of email a declaration of Timothy Dillon;

That this declaration is filed in response;

While it is true that the substitution of attorney order filed on February 26, 2007, document 1259 states that Counsel John Goalwin is no longer listed as counsel for Stephen Cohen the substitution request submitted by Mr. Cohen was to substitute attorney Steve Emery Teich out as attorney and substitute Stephen Cohen in pro se;

The attached form was signed by Mr. Cohen and myself was to substitute me out and himself in (see exhibit attached);

While I did not file the form and proposed order it I assumed Mr. Cohen did and was the

DECLARATION OF STEVE EMERY TEICH

1. basis of the motion which was granted on February 26, 2007;

2. I do not know why the court minutes only mention Mr. Goalwin unless it was a bookkeeping matter since Mr. Goalwin had been previous counsel and I do not recall nor does the docket indicate that Mr. Goalwin had been formally substituted out nor that I had been formally substituted in;

3. Attorney Goalwin had not appeared with Mr. Cohen for many months and I had represented Mr. Cohen solely for the civil contempt proceeding;

4. Following his release from jail Mr. Cohen had no funds to hire another lawyer and I had made it clear to Mr. Cohen that I did not feel qualified nor did I wish to represent him on any further litigation in this matter;

5. Mr. Cohen agreed and filed the motion to substitute me out as counsel which motion was granted;

6. Mr. Cohen's request to substitute in as counsel of record was specifically made at my request to relieve me as to any further responsibility for the case;

7. The minutes of February 26, 2007 clearly indicate that the Court granted Stephen Cohen's motion to substitute as counsel in pro se;

8. There after beginning with document 1260 all filings were made by Mr. Cohen in pro ser with address c/o Robert Meredith, 1111 Brickyard Road #206, Salt Lake City, UT 84106 and afterward following November 26, 2007 document 1350 filed in pro se at A.V. La Marina Edif. 13 Dep.1, Mazatlan, Sinaloa, Mexico;

9. Civil minutes thereafter listed Stephen Michael Cohen (in pro se) and an order was made to serve documents on Defendant Cohen through the Court's electronic filing system (see document 1329);

10. Following February 26, 2007 while I occasionally received documents or email notification of documents I never responded nor made any representations that I still represented Mr. Cohen;

11. Following February 26, 2007 I have never filed any documents in this case nor as attorney for Mr. Cohen, nor do I recall having personally received a subpoena for his presence;

12. It is not unusual for me to receive emails from the court regarding former clients even after the case is closed or I have been relieved as counsel since many times the clerks do not withdraw

2

DECLARATION OF STEVE EMERY TEICH

1 | named counsel from the list of service even after the case has ended or counsel have been
2 | substituted out;
3 |     Since the emails stated that the case was closed I did not think it necessary to take my name
4 | off the list;
5 |     I again request the court to relieve me of any responsibility to act on Mr. Cohen's behalf and
6 | to order the attorneys for Mr. Kremen to desist in contacting me since I have not represented Mr.
7 | Cohen since February 26, 2007;
8 |     I declare under penalty of perjury that the above is true and correct. Executed this 10th day
9 | of June 2010 at San Francisco, California.

\S\
STEVE EMERY TEICH

**\*\*\* ORDER \*\*\***

Based on Mr. Teich's declaration, and the record before the Court, the Court finds good cause to GRANT Mr. Teich's request to withdraw as counsel of record for Defendant Cohen. The record is clear that Mr. Teich entered the case for a limited purpose of moving the Court to release Defendant Cohen from custody as the result of the Court's civil contempt order.

Accordingly, the Order granting Plaintiff's Ex Parte Application for Judgment Debtor examination is VACATED and the examination currently set for June 28, 2010 is VACATED. This is without prejudice to Plaintiff to renew the Motion once the proper agent of service for Defendant Cohen has been identified.

The Clerk of Court shall terminate Mr. Teich from the docket so that he is no longer burden by the filings in this case.

The Court will not entertain further filings on this matter.

Dated: June 17, 2010

JAMES WARE
United States District Judge

3

DECLARATION OF STEVE EMERY TEICH

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On July 30, 2010, I served the following document(s):

**DECLARATION OF RICHARD J. IDELL IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF JUNE 17, 2010 ORDER**

☐  by **E-MAIL TRANSMISSION**, by electronically transmitting a true and correct copy of the document(s) in Adobe Acrobat format to the electronic mail addresses indicated below.

☒  by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

☐  by regular **UNITED STATES MAIL** by placing a true and correct copy, enclosed in a sealed envelope for collection and mailing on the date and at the business address shown above following our ordinary business practices to the address(es) noted below. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Stephen Michael Cohen  
A.V La Marina Edif. 13 Dep. 1  
Fraccionamient El Toro C.P 82120  
Mazatlan, Sinaloa Mexico

Steve E. Teich  
1390 Market Street, Suite 310  
San Francisco, CA 94102-5402

I certify and declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of an attorney qualified to practice in this court, and that I executed this declaration at San Francisco, California.

_____  
Amy Reyes