IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Gary Kremen, et al., | NO. C 98-20718 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| Stephen Michael Cohen, et al., | |
| Defendants. | |

Presently before the Court is Plaintiffs' Motion for Leave of Court to File Motion for Reconsideration of June 17, 2010 Order. (hereafter, "Motion," Docket Item No. 1392.) Plaintiff seeks leave to move for reconsideration of the Court's Order Granting Steve Teich's ("Teich") Request to Withdraw as Counsel of Record[1] on the ground that the Court manifestly failed to consider (1) Defendant Stephen Michael Cohen's ("Cohen") long history of evading service and (2) the condition, imposed on Cohen for his release from incarceration for the many instances of contempt that resulted in a warrant for his arrest, that Teich serve as Cohen's domestic agent for service of process. (Motion at 8-10.)

Pursuant to Civil Local Rule 7-9(b), a party moving for leave to file a motion for reconsideration must specifically show the following:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the

---

[1] (hereafter, "June 17 Order," Docket Item No. 1391.)

> exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id. Here, the Court granted Teich's request to withdraw as counsel of record for Cohen on the ground that Teich entered the case for the limited purpose of moving the Court to release Cohen from custody as the result of the Court's civil contempt Order. (June 17 Order at 3.) As indicated in Teich's Declaration, which is attached to the June 17 Order, the Court granted Cohen's motion to substitute as counsel in pro se on February 17, 2007. (See Civil Minutes, February 26, 2007, Docket Item No. 1257.) Although Teich agreed to receive notice on behalf of Cohen at the December 4, 2006 hearing, the Court imposed the condition that Cohen maintain an agent for service of process on Cohen, not on Teich. It would place an undue burden on Teich to indefinitely hold him responsible for his former client's failure to meet that condition or to find a substitute service agent in the United States. Although Teich did not specifically ask the Court to relieve him of his role as Cohen's agent for service of process, he did request that he be relieved of any responsibility to act on Cohen's behalf, which implicitly encompasses acting as service agent.

The Court carefully considered all of the circumstances of this case, including Cohen's history of evading service and the conditions imposed on Cohen for his release from incarceration in 2006, before granting Teich's request. Ultimately, the Court is unwilling to mandate that Teich act as Cohen's attorney or agent for service of process against his will, especially when more than three years have passed since Teich initially withdrew as counsel of record with the Court's permission. Thus, the Court finds that it did not manifestly fail to consider any material facts or dispositive legal arguments in granting Teich's request, nor is there any indication that new facts have emerged or there has been a change in applicable law since the Court issued its June 17 Order.

2

Accordingly, the Court DENIES Plaintiff's Motion for Leave to File a Motion for Reconsideration. The Court will not entertain further motions on this issue.

Dated: August 9, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel E. Alberti dalberti@mwe.com
George Geoffrey Weickhardt gweickhardt@ropers.com
Glen H. Isaacs invalidaddress@invalidaddress.com
Howard Scott Leviant scott@spiromoss.com
James Matthew Wagstaffe wagstaffe@kerrwagstaffe.com
Joel R. Dichter dichter@dichterlaw.com
Karl Stephen Kronenberger karl@KBInternetlaw.com
Nadya Yael Spivack nspivack@dillongerardi.com
Patricia De Fonte Patricia.DeFonte@idellseitel.com
Richard J. Idell richard.idell@idellseitel.com
Stephen Michael Cohen mrstephenmcohen@yahoo.com
Terri R Hanley law@terrihanley.com
Timothy Patrick Dillon tdillon@dillongerardi.com

**Dated: August 9, 2010**         **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers
          Elizabeth Garcia
          Courtroom Deputy**